SAMUBBS, J.
The bill in this case in substance alleges, that complainant has obtained a judgment for debt, interest and costs, and issued a writ of fieri facias thereon against William B. White. That about the time of or shortly after the rendition of complainant’s judgment, White took the benefit of the insolvent laws at the suit of other creditors. That before. White’s insolvency, he had made a conveyance to Joseph Starke, as trustee for the benefit of White’s wife and children. That .this conveyance was afterwards assailed in the Circuit court of Hanover, as fraudulent and void, and that it was so adjudged to be by the decree of that court to the amount of one thousand four hundred and eighty-three dollars and ninety-six cents. That by a subsequent decree, Starke the trustee was directed to pay Ira B. Bowles, the creditor who had so assailed the deed, the sum of seven hundred and nineteen dollars, and interest, parcel of the sum of one thousand four hundred and eighty-three dollars and ninety-six cents, leaving the residue thereof liable for White’s debts, of which that due complainant had priority; the residue, how-, ever, being more than enough to pay complainant’s debt. The bill refers to the papers and proceedings in the case of Bowles v. Starke (meaning Starke v. Bowles), as evidence.
Complainant also filed with his bill- abstracts from the record in the case of Starke v. Bowles, also copies of the deed of trust from White to Starke, as trustee, and of White’s insolvent papers.
*599 Starke filed an answer to Winston’s bill. He denies that the deed of trust was tainted with fraud; and he also objects to the proceedings had in the case of Starke v. Bowles, as evidence for any purpose in this suit.
*If the bill in this case could be regarded as tendering an issue on the fact of fraud, the answer makes that issue by denying the fraud ; and this would impose on the complainant the necessity of proving his bill.
The only proof offered by complainant on this issue is the record in the case of Starke v. Bowles, to which complainant was no party, nor is he in privity with any party thereto. This record and the abstracts therefrom were objected to as inadmissible; and on well settled principles the objection was well taken. It was wholly irrelevant to the issue of fraud (if made up between these parties) that in another case, at a different time, between different parties, and upon other evidence, the same or a like issue had been decided. The fact that such decision had been made is immaterial, and could not be proved. With much less appearance of reason can it be said that the record might be used as evidence not only of its own existence, but also to prove the facts upon which the decision therein was rendered. In any case in which a record is relied on as evidence, it must conclude both parties to the case, or neither. It is perfectly clear that Winston was not bound by the decree in Starke v. Bowles; he was no party to it; had no opportunity to offer evidence, to be heard at the trial, or to appeal if aggrieved by the decision ; he was not bound by the decision that White’s deed to Starke was void to the amount of one thousand four hundred and eighty-three dollars and ninety-six cents, and good for all beyond that sum. If he had the evidence, he might have assailed the deed as wholly fraudulent, and therefore void. Winston not being concluded, Starke stands in the same condition.
I have considered the case up to this point as if the parties were at issue upon the question of fraud in the deed; the pleadings, however, present no such issue. *The bill does not allege as a fact that fraud existed, but merely that another party, in a different suit, had successfully impeached the deed for fraud. The theory of complainant’s case is, that as Bowles established his charge of fraud against the deed, his success enures to the benefit of complainant, a creditor by judgment and fieri facias. That the suit between Starke and Bowles was a proceeding in real, and that all the world is bound by the result in that case. No authority is cited to sustain this position ; nor can any be found affording it the slightest support. The case presented merely the comparative merits of the lien held by Starke and that held by Bowles ; the court held that Bowles’ lien to the full amount of his debt took precedence of Starke’s lien; thus the only question in the cause was decided. It is true the Circuit court did decree that Starke’s lien was invalid as against Bowles to an amount exceeding Bowles’ debt; the difference between Bowles’ debt and the amount declared to be fraudulent was not expressly disposed of, but left in the hands of Starke, whereby in effect it was decided that Starke had the better right to it.
This case falls clearly without the principles upon which proceedings in rem are held to bind all the world. See 1 Stark. Evi. p. 228, §77; p. 99, l 73.
It was insisted by the appellant’s counsel in the argument here, that if the evidence offered by complainant were inadmissible, still the court should not have dismissed the bill, but should have given him leave to offer additional proof. In reply it may be said that the Circuit court was under no legal obligation to offer advice in regard to the sufficiency of the proof; that is a subject upon which parties must decide for themselves before going to a hearing. If a party be in doubt about the admissibility of his proof, when objected to, he may bring the subject to the notice of the court before going to hearing; if, however, this '^course be not pursued, the court cannot know whether or not the party has any other proof to offer. In this case the evidence was sufficient to prove that Bowles had successfully impeached the deed to Starke; and upon this fact, in connection with his own lien by judgment and execution, complainant sought to recover without any other allegation or proof of fraud. On these facts, although fully appearing, the court rightly dismissed the bill. The defect was in the case itself, not in the proof by which it was established.
I am of opinion to affirm the decree.
DANIED and BEE), Js., concurred in the opinion of Samuels, J.
MONCURE), J-, was for affirming the decree; but thought it should be without prejudice to the right of the appellant to file a bill to set aside the deed for fraud.
Decree affirmed.